## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:23cv20421

FAST TEST NOW HOLDINGS LLC,
a Florida limited liability company,
and JOSHUA WILSON, an individual,

     *Plaintiffs,*

v.

POSEIDON DIAGNOSTICS CORP,
a Florida corporation, and HUASCAR
RIJSSENBEEK, an individual,

     *Defendants.*

_____/

## <u>COMPLAINT</u>

**COMES NOW,** Plaintiffs, FAST TEST NOW HOLDINGS LLC ("**FAST TEST**") and JOSHUA WILSON ("**Mr. Wilson**) (collectively referred to as "**Plaintiffs**") by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby sue Defendants, POSEIDON DIAGNOSTICS CORP ("**POSEIDON**"), HUASCAR RIJSSENBEEK ("**Mr. Rijssenbeek**") (collectively referred to as "**Defendants**"), and in support thereof allege as follows:

### INTRODUCTION

1.    This is an action for damages and equitable relief. Plaintiffs suffered compensable losses when Defendants: (1) fraudulently induced Plaintiffs into

1

purchasing the assets of a company by misrepresented material facts as to the assets of a company; and (2) breached the asset purchase agreement entered into between Plaintiffs and Defendants.

## JURISDICTION, VENUE, AND PARTIES

2.      This is an action for equitable relief and damages in excess of seventy-five thousand dollars ($75,000) exclusive of interest, costs, and fees.

3.      This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a)(2). Complete diversity of citizenship exists between the Parties to this action.

4.      Plaintiff, FAST TEST NOW HOLDINGS LLC, is a Florida limited liability company whose sole member is a resident of Louisiana.

5.      Plaintiff, JOSHUA WILSON, is an individual residing in Louisiana and is otherwise *sui juris*.

6.      Defendant, POSEIDON DIAGNOSTICS CORP, is a Florida corporation, incorporated and conducting business in Miami-Dade County, Florida with its principal place of business located at 2064 NE 163rd street, North Miami Beach, FL 33162.

7.      Plaintiff, HUASCAR RIJSSENBEEK, is an individual residing in Florida and is otherwise *sui juris*.

8.     Venue is proper pursuant to 28 U.S.C. § 1391 because all causes of action accrued in Miami-Dade County, Florida.

9.     All conditions precedent to the filing of this action have been met, waived, or excused.

10.     Plaintiff has retained the undersigned law firm and is obligated to pay reasonable attorneys' fees as compensation for the costs and services.

11.     Each of the Defendants conspired with, acted in concert with, and aided and abetted each other to commit the wrongs against Plaintiffs. Each Defendant was the agent, servant, joint-venturer, partner, successors-in-interest, predecessors-in-interest, co-venturer, co-owner, purported co-author or joint author, alter ego, and/or employee of each and every other Defendant, and was acting within the course and scope of its authority, and each Defendant ratified, authorized, and approved the acts of each other Defendant. Plaintiffs are hereby informed and believe and thereon allege that any act or omissions attributed herein to a corporation or other business entity were authorized acts, performed by an authorized representation of said entity, acting within the course and scope of its agency or authority, and were ratified by reasonable representatives of the entity. Upon information and belief, each of the Defendants agreed to a common plan or design to commit the tortious acts described below, had actual knowledge that the unlawful conduct was planned, and concurred in the scheme with knowledge of its unlawful purpose.

**GENERAL ALLEGATIONS**

**THE PARTIES ENTERED INTO AN ASSET PURCHASE AGREEMENT**

12.     Plaintiff, FAST TEST, was formed for the purposes of purchasing the business and all of the assets of POSEIDON.

13.     Plaintiff Mr. Wilson, is the sole member and manager of FAST TEST.

14.     Defendant, POSEIDON, was in the business of providing diagnostics test to patients.

15.     Defendant, Mr. Rijssenbeek, is the sole Shareholder and Director of Defendant POSEIDON.

16.     On November 20, 2022, POSEIDON and Mr. Wilson entered into an asset purchase contract (the "**Agreement**") to purchase the business and all of the assets of POSEIDON for $1,900,000.00.The closing date was December 10, 2022. *See* the Agreement, attached hereto as **Exhibit "A."** *See also* the Promissory Note, attached hereto as **Exhibit "B."**

17.     Pursuant to the Agreement, Mr. Wilson made a $50,000.00 deposit which was held in trust by Deborah A. Carman.

18.     On December 22, 2022, Mr. Wilson assigned the Agreement to FAST TEST.

19.     Pursuant to the Agreement, Plaintiffs had a ten-day due diligence period beginning on November 22, 2022, during which the Agreement could be cancelled,

and all deposits returned to Plaintiffs if Plaintiffs were not satisfied with the due diligence findings.

20.     During the due diligence period, Defendants provided Plaintiffs with reports/data from Defendants' Google Ads Account which Plaintiffs believed they were purchasing as part of the Agreement.

21.     These Google Ads Account reports/data induced Plaintiffs to continue going forward with the purchase of POSEIDON's assets.

22.     During the due diligence period, Plaintiffs reviewed the financial records of Defendants. The financial records were alleged to contain true and accurate information of all invoices of Defendants.

23.     These financial records induced Plaintiffs to continue going forward with the purchase of POSEIDON's assets.

24.     During the due diligence period, Plaintiffs visited and inspected the business premises. By the time of closing, Plaintiffs were satisfied with their ability to obtain an assignment of the leased business premises and/or a new lease for those business premises.

25.     That these leases would be transferred, and that the properties were in good and working condition, induced Plaintiffs to continue going forward with the purchase of POSEIDON's assets.

26.    At closing, FAST NOW paid Defendants $850,000.00 and signed a $1,000,000.00 promissory note for POSEIDON to hold (the "**Promissory Note**"). The $50,000 deposit was released to POSEIDON.

## DEFENDANTS REFUSED TO TRANSFER THE CROWN JEWEL ASSET

27.    At the closing of the Agreement, Defendants signed a document stating that Mr. Rijssenbeek as director of POSEIDON certified that all "(1) representations and warranties of [POSEIDON] contained in the Agreement are true and correct in all material respects on and as of the date of Closing; and (2) [POSEIDON] has performed and complied in all material respects with each obligation required to be performed or complied with by [POSEIDON] on or before the Closing Date under the [Agreement]."

28.    Defendants also signed an affidavit of assignment of fictitious name, telephone number, website, domain, and advertising. Under that agreement, **POSEIDON assigned to FAST TEST** "any website, domain any social media webpages and domains, telephone number for the business . . . and **any and all advertising**." (emphasis added).

29.    The advertising of Defendants primarily comprised a Google Ads Account. The Google Ads Account is the crown jewel asset that was being transferred in the asset sale between Plaintiffs and Defendants. Over 60% of all of the advertising of POSEIDON was conducted through this Google Ads Account.

The Google Ads Account consisted of over $8,000 in daily revenue generated by POSEIDON. Plaintiffs due diligenced this and only this Google Ads Account as part of the transaction. Plaintiffs expected to generate over $8,000 in revenue from the Google Ads Account after they purchased the assets of POSEIDON.

30.     This did not happen. Defendants refused to transfer the Google Ads Account. Instead, Defendants transferred to FAST NOW a brand-new, and completely separate, Google Ads Account (the "**Decoy Account**").

31.     The Decoy Account did not include any of the data or Google Ads Campaigns that were in the true account. This means that the Decoy Account is worthless. Defendants claimed to Plaintiffs that the Decoy Account would generate Plaintiffs the same amount of money. However, it will take 9-12 months and tens of thousands of dollars to 'machine learn' the Decoy Account attain the same value as the true account.

32.     On or around January 10, 2023, Plaintiffs demanded that Defendants transfer the Google Ads Account that FAST NOW purchased.

33.     That is when Defendants informed Plaintiffs that they would not and could not transfer the true Google Ads Account that FAST NOW purchased. Defendants claimed that the Google Ads Account also contained data and campaigns from other businesses owned by Mr. Rijssenbeek. Mr. Rijssenbeek informed Plaintiffs that he refused to lose money by transferring the data and campaigns of

his other businesses. Instead, he decided that Plaintiffs would be the one to lose money by not receiving the true Google Ads Account.

34.     Although FAST NOW believed it was purchasing the full Google Ads Account, FAST NOW then demanded at least the transfer of the campaigns that were specific to the POSEIDON. However, Defendants claimed that Google does not allow the transfer of data Google Ads Campaigns.. Defendants claimed that they would have to transfer the full Google Ads Account, and refused to do so.

35.     Defendants claim to have then deleted the Google Ads Campaigns that were specific to POSEIDEN and FAST NOW from their Google Ads Account.

36.     FAST NOW is currently losing approximately $8,000 per day due to the failure to transfer the true Google Ads Account.

37.     Plaintiffs are also losing other capital, because they are expending capital to keep the business they purchased afloat.

**DEFENDANTS HID OVER $50,000 IN INVOICES**

38.     Since the closing, service providers reached out to Plaintiffs requesting payment for substantial unpaid invoices. Defendants hid and omitted these unpaid invoices during the due diligence period. These unpaid invoices were not reflected in the financial statements or records of Defendants. They were not directly or indirectly disclosed to Plaintiffs. And they were not evidenced by the bank statements or any other records provided to Plaintiffs.

39.     These unpaid invoices are in the sum of over $50,000, and counting.

40.     These unpaid invoices substantially devalue the value of the assets that FAST NOW purchased. Because Plaintiffs did not have them in their possession, they were not used in the calculation of the value of the assets. If they had been used in the calculation of the value of the assets, the value would have been substantially lower.

## DEFENDANTS FAILED TO ASSIGN TWO LEASES

41.     Moreover, the Agreement was contingent on Plaintiffs' satisfaction and acceptance of either a new lease or an assignment of the leases where POSEIDON was operating.

42.     At the time of signing the Agreement, POSEIDON was operating from five different leased premises.

43.     The North Miami Beach business premise had two separate spaces, one for a lab and another for a clinic.

44.     Section 28 of the Agreement states "Until possession is transferred to the Buyer at Closing, Seller agrees to maintain the Business premises, including heating, cooling, plumbing and electrical systems, built-in fixtures, together with all other equipment and assets included in this sale, in good working order, and to maintain and leave the premises in a clean, orderly condition."

45.     After the closing of the Agreement, Plaintiffs visited the North Miami Beach business premises and found out that at some point after the signing of the Agreement but prior to the closing date, Defendants closed the clinic space and moved all the equipment into the lab space.

46.     Under permitting rules, the clinic cannot be in the lab space. Therefore, now Plaintiff must go out and acquire another lease, and move the clinic into a new building.

47.     After the closing of the Agreement, Plaintiff was informed by the landlord of one of the five leased locations that the Landlord would not assign the lease over on the prior terms and conditions, and had told this to Defendants.

48.     Defendants did not disclose this information to Plaintiffs at any point during or prior to the closing of the Agreement.

## CONCLUSION

49.     Plaintiffs and Defendants entered into a purchase agreement. Plaintiffs' paid Defendants $900,000.00 and, signed a $1,000,000.00 promissory note.

50.     However, Defendants failed to transfer all the assets it was purportedly selling. Defendants did this because either because the assets did not exist, or because Defendants got rid of the assets around the time of closing.

51.     Defendants also hid and failed to disclose over $50,000 in supplier invoices, which Plaintiffs are now stuck with.

52.     Defendants refused to give Plaintiffs their money back. Now, Plaintiffs are stuck with assets that do not generate even half of the money that Defendants alleged they do. Because of this, Plaintiffs are taking substantial losses in the sum of over $8,000 daily.

53.     Plaintiffs ask that this Court to either grant rescission of the Agreement and all contracts entered between Plaintiffs and Defendants in furtherance of the Agreement and damages, or otherwise grant damages to Plaintiffs.

### COUNT I
### RECISSION BASED ON FRAUDULENT INDUCEMENT
**(Plaintiffs Against Defendants)**

54.     Plaintiffs reallege and reincorporate by reference the allegations in paragraphs 1 – 53 as fully set forth herein.

55.     FAST NOW and POSEIDON entered into a valid contract for the FAST NOW to purchase the business and assets of POSEIDON.

56.     Defendants made misrepresentations and/or omissions of material fact concerning the assets FAST NOW was purchasing by: (1) providing reports/data from Defendants' Google Ads Account that Defendants did not intent to and could not transfer to FAST NOW; (2) failing to disclose Defendants' unpaid invoices; (3) failing to disclose to FAST NOW that Defendants' Google Ads Account contained several Google Ads Campaigns for several businesses; and (4) failing to disclose to FAST TEST NOW that two leases could not be transferred to FAST TEST NOW.

57.    Defendants knew or should have known that: (1) that the data of Google Ads Account it provided Plaintiffs during the due diligence period was false and that Defendants were not going to or would not be able transfer the Google Ads Account; (2) they were failing to disclose the unpaid invoices, and (3) they could not transfer two of five leases.

58.    Defendants intended for Plaintiffs to be induced to act upon the omissions and misrepresentations

59.    Plaintiffs justifiably relied on the representations and omissions made by Defendants in determining whether or not to continue with the purchase of the assets, in going through with the closing, and in making the Promissory Note.

60.    Plaintiffs suffered damages in justifiable reliance on the omission and misrepresentation.

61.    Therefore, Plaintiffs are entitled to a declaration that the Agreement, the Promissory Note and all other agreements signed as a result to the Agreement are rescinded and void *ab initio*.

**WHEREFORE,** Plaintiffs pray that this Court rescind the Agreement and all contracts entered between Plaintiffs and Defendants in furtherance of the Agreement, including the Promissory Note, and issue judgment against Defendants in the amount of the value of the payments made by Plaintiffs to Defendant, plus

interest thereon, costs, and fees, including attorneys' fees, in favor of Plaintiffs, along with any other relief this Court deems just and proper.

## COUNT II
### RECISSION BASED ON MUTUAL MISTAKE
### (FAST NOW Against POSEIDON)

62.    Plaintiffs reallege and reincorporate by reference the allegations in paragraphs 1 – 53 as fully set forth herein.

63.    FAST NOW and POSEIDON entered into a valid contract for the FAST NOW to purchase the business and assets of POSEIDON.

64.    FAST NOW and POSEIDON were mistaken as to a material, substantive aspect of the Agreement.

65.    Specifically, FAST NOW believed it was purchasing all the assets of POSEIDON including POSEIDON's Google Ads Account, however, POSEIDON believed it was only selling the Google Ads Campaign specific to the business FAST NOT was purchasing.

66.    The mistakes were at cross-purposes.

67.    As such, the Agreement is voidable.

68.    Therefore, Plaintiffs are entitled to a declaration that the Agreement, the Promissory Note and all other agreements signed as a result to the Agreement are rescinded and void *ab initio*.

**WHEREFORE,** Plaintiffs pray that this Court rescind the Agreement and all contracts entered between Plaintiffs and Defendants in furtherance of the Agreement, including the Promissory Note, and issue judgment against Defendants in the amount of the value of the payments made by Plaintiffs to Defendant, plus interest thereon, costs, and fees, including attorneys' fees, in favor of Plaintiffs, along with any other relief this Court deems just and proper.

**COUNT III**
**BREACH OF CONTRACT**
**(Plaintiffs Against Defendants)**

69.    Plaintiffs reallege and reincorporate by reference the allegations in paragraphs 1 – 53 as if fully set forth herein.

70.    FAST NOW and POSEIDON entered into a valid contract for the FAST NOW to purchase the business and assets of POSEIDON.

71.    Defendants committed a material breach of the Agreement by failing to maintain the Business premises and all equipment and assets, in good working order, and to maintain and leave the premises in a clean, orderly condition as required by Section 28 of the Agreement.

72.    Instead, Defendants closed the clinic space in the North Miami Beach premises and moved all equipment into the lab space.

73.    Now, to satisfy regulatory requirements, a new space must be leased, and the clinic must be moved into a new space.

74.    Moreover, Section 23 of the Agreement states "[POSEIDON] hereby represents to [Plaintiffs] that from the date of execution of this contract to the date of Closing, [POSEISON] shall carry on the business activities and operations of the Business diligently and in substantially the same manner as has been customary in the past, and shall not remove any item with the exception of product inventory sold in the normal course of business."

75.    Defendants failed to comply with Section 23 of the Agreement by failing to carry on the business activities and operations in substantially the same manner, specifically, Defendants stopped advertising for the business at least one month prior to the Closing of the transaction.

76.    FAST NOW and POSEIDON entered into the Agreement to purchase the business and all assets of POSEIDON, including all advertising. After closing, POSEIDON refused to transfer it's Google Ad Account and subsequently deleted the Google Ads Campaigns that were specific to POSEIDEN and FAST NOW from their Google Ads Account, which were now property of FAST NOW.

77.    Plaintiffs have suffered damages caused by Defendants breaches.

78.    Under Section 11.2.1 of the Agreement, if Defendants fail to perform any of the covenants and conditions of the Agreement, Plaintiffs are entitled to the right to terminate the Agreement and demand the return of its escrow deposits, as

well as reimbursement for any and all reasonable attorney's fees, accounting fees, and other costs incidental to Plaintiff's inspection of the business.

**WHEREFORE,** Plaintiffs pray that this Court rescind the Agreement and all contracts entered between Plaintiffs and Defendants in furtherance of the Agreement, including the Promissory Note, and issue judgment against Defendants, for the value of the payments made by Plaintiffs to Defendants, less any refunds, plus all damages Plaintiffs have suffered as a result of Defendants breaches of the Agreement, plus interest thereon, costs, and fees, including attorneys' fees, in favor of Plaintiffs, along with any other relief this Court deems just and proper.

**COUNT IV**
**FRAUDULENT INDUCEMENT**
**(Plaintiffs Against Defendants)**

79.    Plaintiffs reallege and reincorporate by reference the allegations in paragraphs 1 – 53 as fully set forth herein.

80.    FAST NOW and POSEIDON entered into a valid contract for the FAST NOW to purchase the business and assets of POSEIDON.

81.    Defendants made false misrepresentations of material fact concerning the assets FAST NOW was purchasing by providing reports/data from Defendants' Google Ads Account that Defendants did not intend to and could not transfer to FAST NOW.

82.     Moreover, Defendants failed to disclose to Plaintiffs that POSEIDON had unpaid invoices and owed payments to service providers.

83.     Moreover, Defendants failed to disclose that one lease was terminated by Defendants, and the landlord for one lease stated they would not assign it on the same terms.

84.     Defendants knew or should have known that the data of Google Ads Account it provided Plaintiffs during the due diligence period was false and that Defendants were not going to or would not be able transfer the Google Ads Account.

85.     Defendants knew or should have known that they were keeping the unpaid invoices from Plaintiffs.

86.     Defendants knew or should have known that two leases which Defendants said they would transfer to Plaintiffs could not be, and were not, transferred to Plaintiffs.

87.     Defendants intended for FAST NOW to be induced to act upon the misrepresentation and omission.

88.     Plaintiffs justifiably relied on the misrepresentation and omission in determining whether or not to continue with the purchase of the assets, in going through with the closing, and in making the Promissory Note.

89.     Plaintiffs suffered damages in justifiable reliance on the misrepresentation and omission.

**WHEREFORE,** Plaintiffs pray that this Court rescind the Agreement and all contracts entered between Plaintiffs and Defendants in furtherance of the Agreement, including the Promissory Note, and that this Court issue judgment against Defendants in the amount of the value of the payments made by Plaintiffs to Defendant, plus all damages Plaintiffs have suffered as a result of Defendants fraudulent misrepresentations, plus interest thereon, costs, and fees, including attorneys' fees, in favor of Plaintiffs, along with any other relief this Court deems just and proper.

**COUNT V**
**NEGLIGENT MISREPRESENTATION**
**(Plaintiffs Against Defendants)**

90.     Plaintiffs reallege and reincorporate by reference the allegations in paragraphs 1 – 53 as fully set forth herein.

91.     FAST NOW and POSEIDON entered into a valid contract for the FAST NOW to purchase the business and assets of POSEIDON.

92.     Defendants made false misrepresentations of material fact concerning the assets FAST NOW was purchasing by providing reports/data from Defendants' Google Ads Account that Defendants did not intend to and could not transfer to FAST NOW.

93.     Moreover, Defendants failed to disclose to Plaintiffs that POSEIDON had unpaid invoices and owed payments to service providers.

94.     Moreover, Defendants failed to disclose that one lease was terminated by Defendants, and the landlord for one lease stated they would not assign it on the same terms.

95.     Defendants should have known that the data of Google Ads Account it provided Plaintiffs during the due diligence period was false and that Defendants were not going to or would not be able transfer the Google Ads Account.

96.     Defendants should have known that they were keeping the unpaid invoices from Plaintiffs.

97.     Defendants should have known that two leases which Defendants said they would transfer to Plaintiffs could not be, and were not, transferred to Plaintiffs.

98.     Defendants intended for FAST NOW to be induced to act upon the statements and/or omissions made.

99.     Plaintiffs justifiably relied on the misrepresentation and omission in determining whether or not to continue with the purchase of the assets, in going through with the closing, and in making the Promissory Note.

100.    Plaintiffs suffered damages in justifiable reliance on the misrepresentation and omission.

**WHEREFORE,** Plaintiffs pray that this Court rescind the Agreement and all contracts entered between Plaintiffs and Defendants in furtherance of the Agreement, including the Promissory Note, and that this Court issue judgment

against Defendants in the amount of the value of the payments made by Plaintiffs to Defendant, plus all damages Plaintiffs have suffered as a result of Defendants negligent misrepresentations, plus interest thereon, costs, and fees, including attorneys' fees, in favor of Plaintiffs, along with any other relief this Court deems just and proper.

## <u>COUNT VI</u>
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Plaintiffs Against Defendants)

101.   Plaintiffs reallege and reincorporate by reference the allegations in paragraphs 1 – 53 as fully set forth herein.

102.   FAST NOW and POSEIDON entered into a valid contract for the FAST NOW to purchase the business and assets of POSEIDON.

103.   Defendants had an implied duty to perform its obligations under the contract in good faith.

104.   Defendants have refused to fulfill their obligations under the Agreement and has breached the express terms of the Agreement. Moreover, Defendants has destroyed assets which FAST NOW purchased pursuant to the Agreement.

105.   Defendants' conduct in breach of the Agreement was done intentionally and with improper motive.

106.   Defendants' breaches deprive FAST NOW of its rights under the Agreement.

107.   Plaintiffs have suffered damages caused by Defendant's breaches.

**WHEREFORE,** Plaintiffs pray that this Court rescind the Agreement and all contracts entered between Plaintiffs and Defendants in furtherance of the Agreement, including the Promissory Note, and that this Court issue judgment against Defendants, for the value of the payments made by Plaintiffs to Defendants, less any refunds, plus all damages Plaintiffs have suffered as a result of Defendants breaches of the Covenant of Good Faith and Fair Dealing, plus interest thereon, costs, and fees, including attorneys' fees, in favor of Plaintiffs, along with any other relief this Court deems just and proper.

## <u>COUNT VII</u><br>**REPLEVIN**<br>**(FAST NOW Against Defendants)**

108.   This is an action for replevin of the Google Ads Account against Defendants pursuant to Chapter 78, *Florida Statutes*, for recovery of tangible personal property in the possession of Defendants.

109.   Plaintiffs reallege and reincorporate by reference the allegations in paragraphs 1 – 53 as fully set forth herein.

110.   FAST NOW and POSEIDON entered into a valid contract for the FAST NOW to purchase the business and assets of POSEIDON.

111.   Pursuant to the Agreement, FAST NOW purchased the business and all assets and advertising of POSEIDON. This includes the Google Ads Account that was either legally held in POSEIDON's name or titled in the name of Mr. Rijssenbeek, but considered an asset of POSEIDON for all intents and purposes.

112.   FAST NOW is entitled to possession of the Google Ads Account that it purchased pursuant to the Agreement.

113.   Defendants have wrongfully detained and continue to wrongfully detain the Google Ads Account by refusing to transfer the Google Ads Account to FAST NOW.

114.   FAST NOW has been unable to take possession of the Google Ads Account in the absence of a writ of replevin.

115.   The Google Ads Account has not been taken for any tax, assessment, or fine, pursuant to Florida Law.

116.   The Google Ads Account has not been taken under any execution or attachment against FAST NOW's property.

117.   All conditions precedent to the filing of this cause of action have occurred, been waived, or would otherwise be futile to perform.

**WHEREFORE** Plaintiffs request this Court enter an Order issuing a Writ of Replevin as to the Google Ads Account in favor of FAST NOW along with any other relief this Court deems just and proper.

## COUNT VIII
## SPECIFIC PERFORMANCE – Pled in the Alternative
### (FAST NOW Against Defendants)

118.   Plaintiffs reallege and reincorporate by reference the allegations in paragraphs 1 – 53 as fully set forth herein.

119.   FAST NOW and POSEIDON entered into a valid contract for the FAST NOW to purchase the business and all assets of POSEIDON.

120.   FAST NOW performed its obligations under the Agreement.

121.   Defendants have refused to perform their obligations under the Agreement, namely, Defendants have refused to transfer POSEIDON's Google Ads Account to FAST NOW.

122.   FAST NOW purchased the Google Ads Account through the Agreement.

123.   No adequate remedy at law exists as the Google Ads Account contains the specific date FAST NOW purchased.

124.   Moreover, Section 11.2.2 of the Agreement entitled FAST NOW to specific performance in the event that Defendants fail to perform any of the covenants and conditions of the Agreement.

**WHEREFORE**, Plaintiffs respectfully request that this Court requires that Defendants perform their obligations owed under the Agreement, and transfer the Google Ads Account to FAST NOW, and award Plaintiffs such other relief as this Court deems just and proper.

## COUNT IX
## DECLARATORY JUDGMENT RE: GOOGLE ADS ACCOUNT – Pled in the Alternative
### (Plaintiffs Against Defendants)

125.   Plaintiffs reallege and reincorporate by reference the allegations in paragraphs 1 – 53 as fully set forth herein.

126.   FAST NOW and POSEIDON entered into a valid contract for the FAST NOW to purchase the business and assets of POSEIDON.

127.   Under the Agreement, FAST NOW purchased all of the assets of POSEIDON, including all advertising.

128.    Plaintiffs' claim that POSEIDON's Google Ads Account is one of the assets FAST NOW purchased and that the language of the Agreement states so.

129.   Defendants dispute this claim. Defendants' believe that the Google Ad Account was not included in the assets that POSEIDON sold FAST NOW.

130.   Plaintiff requires input from this Court as to whether the Google Ads Account was part of the assets sold pursuant to the terms of the Agreement

131.   A bona fide, actual, present practical need for declaration exists.

132.   The declaration concerns a present, ascertained or ascertainable state of facts or present controversy as to a state of facts. Specifically, it is controverted that the FAST NOW purchased POSEIDON's Google Ads Account.

133.   Plaintiff's immunity, power, privilege or right is dependent upon the facts or the law applicable to the facts.

134.   Plaintiff has an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

135.   The antagonistic and adverse interests are all before the court by proper process.

136.   The relief sought is not merely the giving of legal advice or the answer of questions propounded for curiosity.

**WHEREFORE,** Plaintiffs seek from a Court a declaration that: pursuant the terms of the Agreement, FAST NOW purchased POSEIDON's Google Ad Account. Plaintiff further seeks any other relief the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury on all appropriate issues so triable as raised in this Complaint.

### VERIFICATION
### Pursuant to 28 U.S.C. 1746(2)

I verify under penalty of perjury that the foregoing is true and correct. Executed on February 1, 2023.

/s/ Joshua Wilson
Joshua Wilson individually and as Member of Fast Test Now Holdings LLC


Date: February 1, 2023                    **AINSWORTH + CLANCY, PLLC**

                                          801 Brickell Avenue, 8th Floor
                                          Miami, Florida 33131
                                          Telephone: (305) 600-3816
                                          Facsimile: (305) 600-3817

*Counsel for Plaintiffs*

By: /s/ Ryan Clancy
Ryan Clancy, Esq.
Florida Bar No.117650
Email: ryan@business-esq.com
Email: info@business-esq.com