## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:23-cv-20421-PCH

FAST TEST NOW HOLDINGS, LLC,
a Florida limited liability company; and
JOSHUA WILSON, an individual,

      Plaintiffs,

vs.

POSEIDON DIAGNOSTICS CORP,
a Florida corporation;
HUASCAR RIJSSENBEEK, an individual;
and HRMGT Corp., a Florida corporation,

      Defendants.

_____/

### DEFENDANTS' RENEWED MOTION TO OVERRULE PLAINTIFFS' COUNSEL'S INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS, AND TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF PLAINTIFF, JOSHUA WILSON

      Defendants, Huascar Rijssenbeek, Poseidon Diagnostics Corp., and HRMGT Corp., by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 37 and S.D.Fla. L.R. 7.1, hereby file this Renewed Motion to Overrule Plaintiffs' Counsel's Instructions Not to Answer Deposition Questions, and to Compel Additional Deposition Testimony of Plaintiff, Joshua Wilson ("Wilson"), and in support thereof state:

      1.      Plaintiff, Joshua Wilson ("Wilson"), has repeatedly made a <u>sworn</u> statement to this Court under the penalty of perjury in Count I of his Complaint for injunction that an acceleration of the $1 million promissory note and guaranty would cause his personal bankruptcy.

1

2.      Specifically, Wilson made that sworn statement in the following pleadings:

| ECF | Pleading/Motion | Sworn Allegation |
|---|---|---|
| **4** | Verified Amended Complaint:<br><br>Count I - ¶63 | Plaintiffs will be irreparably harmed in the absence of an injunction against Defendants. **If** Defendants were to **accelerate** the payments under the Promissory Note, **Plaintiffs**, who are currently losing over $8,000 a day, **would be forced to file for bankruptcy**." (emphasis added). |
| **30** | Verified Second Amended Complaint:<br><br>Count I - ¶76 | Plaintiffs will be irreparably harmed in the absence of an injunction against POSEIDON. **If** POSEIDON was to **accelerate** the payments under the Promissory Note, **Plaintiffs**, who are currently losing over $8,000 a day, **would be forced to file for bankruptcy**." (emphasis added). |

3.      In order to test the veracity of these allegations, Defendants posed the following questions to Wilson during his March 20, 2023 deposition:

Q.      If the million dollar promissory note was -- if default was declared and the million dollar promissory note that was executed in connection with this transaction was accelerated, would that cause you to declare personal bankruptcy? **[Exhibit 1: Wilson 3/20/23 Depo.: P.107, ln. 22 - P.108, ln.1].**

Q.      Have you had any conversations or communications with any bankruptcy counsel to determine whether you could declare personal bankruptcy if the balance of the note was accelerated? **[Id.: P.108, ln.22-25].**

Q.      Do you have a million dollars or more of assets personally that could be used to pay the million dollars if the note is accelerated? **[Id.: P.109, ln.24 - P.110, ln.1].**

4.      In response to each of those questions, Plaintiffs' counsel improperly instructed Wilson not to answer the questions on the basis of the attorney-client privilege or privacy. **[Id.: P.107, ln.22 - P.110, ln.18].**

2

5.      On April 4, 2023, Defendants filed their Motion to Overrule Plaintiffs' Counsel's Instructions Not to Answer Deposition Questions, and to Compel Additional Deposition Testimony of Plaintiff, Joshua Wilson (the "Original Motion"). **[ECF 41].**

6.      Subsequent to the filing of the Original Motion, Wilson withdrew Count I for injunction, as a result of which this Court denied the Original Motion as being moot. **[ECF 64].**

7.      However, Defendants have recently discovered information that has led to the realistic possibility that Wilson's repeated sworn statements to this Court that an acceleration of the $1 million promissory note and guaranty would cause his personal bankruptcy were entirely false, and that he has perpetrated a fraud upon this Court.

8.      Specifically, on November 22, 2022, Wilson sent an e-mail to Pamela Hancock ("Hancock") to solicit a $250,000.00 loan from her to facilitate the transaction that is the subject of this action. **[Exhibit 2].** In that e-mail, Wilson represented to Hancock that the loan would be secured by a second mortgage "on one of my larger assets that has **a ton of equity**." (emphasis added).

9.      Similarly, on November 21, 2022, Wilson sent an e-mail to Daniel Madden ("Madden") to solicit a $250,000.00 loan from him to facilitate the transaction that is the subject of this action. **[Exhibit 3].** In that e-mail, Wilson represented to Madden that the loan would be secured by a second mortgage "on my portfolio of $22MM of RE."

10.      While Defendants are not accusing Wilson of having perpetrated a fraud upon the Court at this juncture, his statements made in these e-mails are troubling and certainly raise that realistic possibility, thereby warranting further investigation.

11.     In addition, pursuant to the selective disclosure doctrine / sword and shield doctrine and the waiver-by-affirmative-use doctrine, once a party places otherwise privileged information at issue, that party has waived the protection of the attorney-client privilege. *Johnson v. 27th Avenue Caraf, Inc.*, 9 F.4th 1300, 1313 (11th Cir. 2021) (selective disclosure doctrine / sword and shield doctrine) and *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 286 F.R.D. 661, 664-665 (S.D. Fla. 2012) (waiver-by-affirmative-use doctrine).

12.     Finally, it is improper to instruct a witness not to answer a question on the basis of privacy, as privacy is not a privilege. Moreover, as noted above, Wilson has clearly put his financial information at issue through his joinder in Count I of the Complaint alleging the necessity of an injunction to prevent his personal bankruptcy.

WHEREFORE, for all of the foregoing reasons, Defendants, Huascar Rijssenbeek, Poseidon Diagnostics Corp., and HRMGT Corp., respectfully move the Court to enter an Order (a) overruling the instructions to Wilson not to answer the above-referenced questions; and (b) directing Wilson to be deposed regarding the above-referenced questions and any related follow-up questions.

### CERTIFICATION PURSUANT TO S.D.FLA. L.R. 7.1(A)(3)

Counsel for Defendants hereby certifies that a good faith effort to resolve the instant Motion was made, but that counsel for Plaintiffs did not respond to that effort. **[Exhibit 4].**

4

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to RYAN M. CLANCY, ESQ., Ainsworth + Clancy, PLLC, 801 Brickell Ave., 8th Fl., Miami, FL 33131, this 12th day of May, 2023.

> KATZMAN, WASSERMAN,
> BENNARDINI & RUBINSTEIN, P.A.
> 7900 Glades Road, Suite 140
> Boca Raton, Florida 33434
> Tel.:  (561) 477-7774
> Fax:  (561) 477-7447
>
> By:     /s/ Craig A. Rubinstein
>         CRAIG A. RUBINSTEIN
>         Fla. Bar No.: 77755
>         car@kwblaw.com
>         mrm@kwblaw.com